**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-1800

THE MUHLER COMPANY, INC., individually and as assignee of Window World
of North Charleston, LLC,

Plaintiff - Appellant,

v.

STATE FARM FIRE & CASUALTY CO.,

Defendant - Appellee.

Appeal from the United States District Court for the District of South Carolina, at
Charleston. David C. Norton, District Judge. (2:17-cv-01200-DCN)

Submitted: January 20, 2022                          Decided: February 3, 2022

Before AGEE, QUATTLEBAUM, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Jaan G. Rannik, EPTING & RANNICK, LLC, Charleston, South Carolina,
for Appellant. M. Kathleen McTighe Mellen, Charles R. Norris, NELSON MULLINS
RILEY & SCARBOROUGH LLP, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The Muhler Company, Inc. ("Muhler") appeals the district court's order granting summary judgment in favor of State Farm Fire & Casualty Co. ("State Farm") in Muhler's suit against it, which sought declaratory judgment and damages arising from a separate suit that Muhler successfully pursued against State Farm's former insured, Window World of North Charleston, LLC ("WWNC"). Muhler also appeals the district court's order denying its motion for reconsideration, which the district court construed as a motion pursuant to Fed. R. Civ. P. 59(e). On appeal, Muhler argues that the district court erred in granting summary judgment on its claims brought as assignee on the ground that the assignment on which Muhler sought to rely, a 2016 judicial assignment to Muhler of any claims WWNC may have against State Farm, was invalid in light of WWNC's termination four years earlier. Muhler also challenges the district court's conclusion on reconsideration that Muhler waived review of its claims brought as WWNC's judgment creditor. Finding no reversible error, we affirm.

We review a grant of summary judgment de novo, "viewing the facts and drawing all reasonable inferences in the light most favorable to the nonmovant." *Salley v. Myers*, 971 F.3d 308, 312 (4th Cir. 2020). "[S]ummary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Fusaro v. Howard*, 19 F.4th 357, 366 (4th Cir. 2021) (internal quotation marks omitted).

The parties do not fairly dispute that WWNC filed both articles of dissolution and articles of termination with the South Carolina Secretary of State during the pendency of

2

Muhler's suit against WWNC.* Upon dissolution, an LLC is required to wind up its business, which may include the dissolved LLC's participation in litigation. *See* S.C. Code Ann. §§ 33-44-802(a), 33-44-803(c). As the district court concluded, however, WWNC's legal existence ended upon the filing of its articles of termination. *See* S.C. Code Ann. § 33-44-805(b). Once terminated, WWNC lacked the capacity to prosecute or defend lawsuits. *See, e.g.*, *In re Midpoint Dev., LLC*, 466 F.3d 1201, 1204-07 (10th Cir. 2006) (addressing effect of analogous Oklahoma law); *Chadwick Farms Owners Ass'n v FHC LLC*, 207 P.3d 1251,1256-62 (Wash. 2009) (addressing effect of analogous Washington law); *Metro Commc'n Corp. BVI v. Advanced Mobilecomm Techs. Inc.*, 854 A.2d 121, 138 (Del Ch. 2004) (addressing effect of analogous Delaware law). Thus, at the time of the judicial assignment, WWNC—a defunct entity—had no legal claims against State Farm to be assigned to Muhler.

Muhler faults the district court for declining to declare WWNC's articles of termination invalid, arguing that WWNC could not have wound up its business during dissolution while Muhler's lawsuit remained pending against it. While Muhler observes that dissolved LLCs retain the capacity to sue and be sued, *see* S.C. Code Ann. §§ 33-14-105(c)(5), 33-44-803(c), those provisions do not apply to terminated LLCs or otherwise

---

* Insofar as Muhler relies on a printout from the website of the South Carolina Secretary of State to argue that WWNC's legal status is merely "dissolved," we conclude that this evidence is insufficient to create a genuine dispute of material fact in light of the other undisputed evidence of record. *See Haze v. Harrison*, 961 F.3d 654, 658 (4th Cir. 2020) ("A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party, and a fact is material if it might affect the outcome of the suit under governing law." (alterations and internal quotation marks omitted)).

alter the plain language of § 33-44-805(b). *See Hately v. Watts*, 917 F.3d 770, 784 (4th Cir. 2019) (explaining that statutory interpretation "begin[s] with the plain language" of statute, and "[i]f the plain language is unambiguous, we need look no further" (internal quotation marks omitted)); *CFRE, LLC v. Greenville Cnty. Assessor*, 716 S.E.2d 877, 881 (S.C. 2011) (requiring courts to give statutory language its "plain and ordinary meaning" and "apply [its] literal meaning" if unambiguous (internal quotation marks omitted)). As the district court explained, the language of § 33-44-803(c) is permissive, lending little independent support to Muhler's conclusion that the pending litigation against WWNC altered the legal effect of the articles of termination. Moreover, even if we were to agree that WWNC failed to properly wind up its affairs prior to termination, Muhler identifies no mechanism for challenging the legal effect of an LLC's articles of termination, including on grounds of improper winding up. We decline to recognize such a remedy absent evidence that the South Carolina legislature intended to authorize it. *See California v. Sierra Club*, 451 U.S. 287, 297 (1981) ("The federal judiciary will not engraft a remedy on a statute, no matter how salutary, that [the legislature] did not intend to provide."); *see also CFRE*, 716 S.E.2d at 881 ("The cardinal rule of statutory interpretation is to ascertain and effectuate the intent of the legislature." (internal quotation marks omitted)).

Muhler resorts to the policy implications of the district court's holding but has largely waived these arguments on appeal. *See Zoroastrian Ctr. & Darb-E-Mehr of Metro. Wash., D.C. v. Rustam Guiv Found. of N.Y.*, 822 F.3d 739, 753-54 (4th Cir. 2016) (explaining that issues first raised on appeal generally are waived absent exceptional circumstances); *Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017)

4

(explaining that party waives argument by failing to develop it in opening brief, even if brief takes "a passing shot at the issue" (internal quotation marks omitted)). In any event, such policy considerations cannot alter the plain meaning and effect of the relevant statutory scheme. Likewise, Muhler has forfeited appellate review of its arguments that State Farm waived its challenge to the validity of the assignment. *See JTH Tax, Inc. v. Aime*, 984 F.3d 284, 290 (4th Cir. 2021) (observing that Rule 59(e) motions cannot be used "to raise arguments which could have been raised prior to the issuance of the judgment"); *Zoroastrian Ctr.*, 822 F.3d at 753-54. We therefore find no reversible error in the district court's grant of summary judgment as to Muhler's claims as assignee.

Turning to Muhler's claims as judgment creditor, we review the denial of a Rule 59(e) motion for abuse of discretion. *Drummond Coal Sales, Inc. v. Norfolk S. Rwy. Co.*, 3 F.4th 605, 614 (4th Cir. 2021); *see also Sierra Club v. U.S. Dep't of Interior*, 899 F.3d 260, 286 (4th Cir. 2018) ("[P]arties cannot waive the proper standard of review by failing to argue it." (internal quotation marks omitted)). "A district court abuses its discretion if it relies on an error of law or a clearly erroneous factual finding." *SAS Inst., Inc. v. World Programming Ltd.*, 952 F.3d 513, 523 (4th Cir. 2020) (internal quotation marks omitted), *cert. denied*, 141 S. Ct. 1053 (2021).

Our review of the record reveals no reversible error in the district court's conclusion that Muhler forfeited its claims as judgment creditor by failing to adequately respond to State Farm's summary judgment arguments related to those claims. *See Cox v. SNAP, Inc.*, 859 F.3d 304, 308 n.2 (4th Cir. 2017). Although we have emphasized "the sound public policy of deciding cases on their merits," *Choice Hotels Int'l, Inc. v. Goodwin & Boone*,

11 F.3d 469, 471 (4th Cir. 1993) (internal quotation marks omitted), we conclude that such policy considerations do not undermine the application of the waiver rules here. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 487 n.6 (2008) ("[L]itigation is a winnowing process, and the procedures for preserving or waiving issues are part of the machinery by which the courts narrow what remains to be decided.").

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*